UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JONES STEVEDORING COMPANY, a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>M/V DAFNI, IMO No. 9438377, its engines, tackle and apparel, etc.,<br><br>Defendant *in rem*. | IN ADMIRALTY<br><br>No. 2:25-cv-2137<br><br>ORDER APPOINTING MARINE LENDERS SERVICES, LLC AS SUBSTITUTE CUSTODIAN |

THIS MATTER came before the Court on Plaintiff Jones Stevedoring Company's ("Plaintiff") Motion to Appoint Substitute Custodian. This Court has reviewed the files and records herein, including specifically, Plaintiff's Motion to Appoint Substitute Custodian, and the Declaration of Jakob Lunde.

Being fully advised on this matter, the Court HEREBY FINDS:

1. Plaintiff filed its Verified Complaint on October 29, 2025, requesting that the Defendant vessel M/V DAFNI, IMO No. 9438377, its engines, machinery, and other

appurtenances, etc. ("Defendant Vessel") be condemned and sold to pay Plaintiff's claims and for other proper relief.

2.	It is anticipated that the Clerk of this Court will be authorized by this Court to issue a Warrant of Arrest commanding the United States Marshal for this District to arrest and take the Defendant Vessel into custody and to detain it in custody until further Order of this Court.

3.	It is contemplated that the United States Marshal will seize the Defendant Vessel forthwith. Custody by the U.S. Marshal requires the services of one or more keepers at a charge of at least $1,506.00 per day per keeper, not including charges for moorage and the other services usually associated with safekeeping a vessel similar to the Defendant Vessel.

4.	The Defendant Vessel is anticipated to be at Terminal 18 in Seattle, Washington, or other similar location, on or about November 1, 2025. After arrest, it may be necessary to move the vessel to the facilities of Marine Lenders Services, LLC at 5350 30th Avenue NW, Seattle, Washington, or to the suitable dry storage or moorage to enhance security over the Defendant Vessel and reduce charges for security and storage of the Defendant Vessel. It may also be necessary to offload any remaining cargo from the vessel.

5.	Plaintiff is agreeable to allowing Marine Lenders Services, LLC to assume the responsibility of safekeeping the Defendant Vessel and its appurtenances, and Marine Lenders Services, LLC has consented to act as custodian of the Defendant Vessel until further Order of this Court. Fees and expenses to be charged by Marine Lenders Services, LLC will be substantially less than the cost of leaving the Defendant Vessel in the custody of the U.S. Marshal.

6.  Jakob Lunde, General Manager by declaration, has stated that Marine Lenders Services, LLC has no interest in the outcome of this lawsuit, can arrange for adequate facilities and supervision for the proper safekeeping of the vessel, and has obtained the legal liability insurance through Travelers Insurance (Policy No. ZOL-16P99278) with policy limits of not less than $2,000,000.00 which is expected to be adequate to respond in damages for loss or injury to the Defendant Vessel resulting from their legal liability or for damages sustained by third parties due to any acts, faults, or negligence of the substitute custodian. Further, in his declaration, Jakob Lunde, on behalf of Marine Lenders Services, LLC, has agreed to accept custody of the Defendant Vessel and its equipment in accordance with the terms of this Order.

7.  In consideration of the U.S. Marshal's consent to the appointment of Marine Lenders Services, LLC as substitute custodian, Plaintiff agrees to release the United States and the U.S. Marshal from any and all liability and responsibility arising out of the care and custody of the Defendant Vessel and its equipment, from the time the U.S. Marshal transfers custody of the Defendant Vessel over to the substitute custodian, and Plaintiff further agrees to indemnify and hold the United States and the U.S. Marshal harmless from any and all claims whatsoever arising out of the substitute custodian's possession and safekeeping of the vessel.

## **ORDER**

NOW, THEREFORE, IT IS HEREBY ORDERED as follows:

1.  That upon the seizure of the Defendant Vessel, the M/V DAFNI, IMO No. 9438377, its engines, tackle and other appurtenances pursuant to the Warrant of Arrest, the U.S. Marshal for the Western District of Washington is authorized and directed to surrender custody of the Defendant Vessel to Marine Lenders Services, LLC as substitute custodian herein, and that upon such surrender, the Marshal shall be discharged from his/her duties and

responsibilities for the safekeeping of the Defendant Vessel and held harmless from any and all claims arising out of said custodial services.

2.  That Marine Lenders Services, LLC, as substitute custodian, shall see to and be responsible for the safekeeping of the Defendant Vessel. The duties of the substitute custodian shall include, but not be limited to, ensuring that there is adequate, safe dry storage or moorage for the vessel at the facilities of the substitute custodian on the Lake Washington Ship Canal, Seattle, Washington, or another suitable location. The substitute custodian is not required to have a person live on board the vessel, but an officer or authorized agent of the substitute custodian shall go on board the vessel, from time to time, to carry out the duties of substitute custodian. No other person shall be allowed to enter on the vessel expect as provided for herein or as otherwise expressly authorized by Order of this Court.

3.  That the Defendant Vessel may be moved by tug or other safe means from its present moorage to adequate, safe moorage or storage at the facilities of the substitute custodian on the Lake Washington Ship Canal, Seattle, Washington or other suitable location. The substitute custodian shall notify the office of the U.S. Marshal that the Defendant Vessel is to be moved and shall again notify the office of the U.S. Marshal when the Defendant Vessel has been moved. Once the Defendant Vessel has been moved to the facilities of the substitute custodian or other suitable moorage, the Defendant Vessel shall not be moved again without further Order of the Court.

4.  That Marine Lenders Services, LLC, as substitute custodian, may, if necessary, offload any cargo aboard the Defendant Vessel and arrange for storage of the same at a suitable storage facility. The substitute custodian shall notify the office of the U.S. Marshal prior to

engaging in any such offloading of cargo and again upon the completion of any such offloading.

5. That Marine Lenders Services, LLC, as substitute custodian, if necessary, may offload any fuel and arrange for disposal of the same. The substitute custodian shall notify the office of the U.S. Marshal prior to engaging in any such offloading and again upon the completion of any such offloading.

6. That Marine Lenders Services, LLC, as substitute custodian, may, but is not required to, retain a marine engineer or another qualified individual familiar with the Defendant Vessel and to take him or her on board the Defendant Vessel with authorized agents of Marine Lenders Services, LLC to assist in the securing of the Defendant Vessel.

7. That Marine Lenders Services, LLC, as substitute custodian, may, but is not required to, remove those pieces of electronic equipment on board the Defendant Vessel, if any, which may be easily removed without damage to the Defendant Vessel, and that such removed electronic equipment shall be stored in a safe, secure storage pending further Order of this Court.

8. That Marine Lenders Services, LLC, as substitute custodian may, but is not required to, retain such services as are necessary to clean the interior and/or exterior of the Defendant Vessel, remove food products with such services to be performed under the supervision of the substitute custodian.

9. It is anticipated that after arrest, crew and/or Vessel owner may wish to recover from the Defendant Vessel, clothing and items of personal property belonging to such individuals, and may wish to board the Defendant Vessel for purposes of removing said

personal property. Plaintiff is agreeable to facilitate vessel crew and/or owner in boarding the Defendant Vessel on the terms stated in this Order.

10. That Plaintiff shall arrange to pay charges for moorage of the Defendant Vessel and the fees, costs, and legal liability insurance premiums of the substitute custodian and shall reimburse the substitute custodian for such other costs as may be incurred in conduction of the inventory of the equipment on board, in securing the Defendant Vessel, in having the Defendant Vessel cleaned, in moving the Defendant Vessel, in coordinating and attending for removal of personal effects by vessel personnel, inspections by prospective purchasers and Plaintiff's representatives, and/or in offloading any cargo from the Defendant Vessel.

11. That subject to final approval by the Court, all fees, costs, and expenses incurred by Plaintiff or the substitute custodian pursuant to the terms of this Order shall be deemed administrative expenses of the U.S. Marshal.

12. That Plaintiff's attorney shall send a copy of this Order to the owner of the Defendant Vessel at the last address known by Plaintiff, and to the address shown on the record of the U.S. Coast Guard by Certified Mail, Return Receipt Requested.

IT IS FURTHER ORDERED THAT all crew members shall remain on board the Defendant Vessel and continue to operate and maintain all ship systems pending further Order of this Court.

IT IS FURTHER ORDERED THAT Marine Lenders Services, LLC, as substitute custodian, with Plaintiff's approval, may permit the Vessel to conduct normal operations while under Marine Lenders Services LLC's custodianship, including fueling, loading, discharging, cargo handling, repairs, and vessel movement within the District, but at the risk and expense of the Defendant Vessel's interests. Marine Lenders Services LLC, the substitute custodian,

shall ensure that the Defendant Vessel's operations are normal port operations, *i.e.*, normal cargo operations, both discharging and loading, repair work, fueling, and vessel movement, and that the Vessel always remains within the waters of this District, unless and until otherwise ordered by this Court. The substitute custodian shall notify the office of the U.S. Marshal prior to engaging in any such loading, fueling, and vessel movement and again upon the completion of such activity.

It is further requested that the Clerk of this Court deliver three certified copies of this Order to the United States Marshal forthwith.

DATED this 30th day of October, 2025.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE